UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| DAMIEN A. SUBLETT, | ) | |
| Plaintiff, | ) ) ) | Civil Action No. 5: 20-182-DCR |
| V. | ) ) | |
| LIEUTENANT KENNER, et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

Plaintiff Damien Sublett is an inmate confined at the Lee Adjustment Center in Beattyville, Kentucky. In May 2020, he filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983. [Record No. 1] However, Sublett did not pay the required $400.00 in filing and administrative fees or file a motion to proceed *in forma pauperis*. Because Sublett had three or more "strikes" for having a prior case dismissed as frivolous or for failure to state a claim, 28 U.S.C. § 1915(g) required him to prepay this entire amount. The Court therefore ordered him to do so by June 1, 2020. [Record No. 5]

Sublett did not pay the fee, instead electing to appeal the Court's determination to the United States Court of Appeals for the Sixth Circuit. [Record No. 6] Section 1915(g) applies with equal force to appeals, so the Court directed Sublett to either pay the $505.00 appellate filing fee or seek *pauper* status from the Sixth Circuit. [Record No. 8] Sublett chose the latter path, but the Sixth Circuit concluded that: (1) he was subject to the three strikes bar; (2) he did not qualify for the exception applicable to exigent circumstances; and (3) his appeal was frivolous. As a result, it ordered him to pay the full $505.00 appellate filing fee with this Court

-1-

within thirty days, upon peril of dismissal. [Record No. 9] That fee was due by January 22, 2021, but Sublett did not comply. The Sixth Circuit has now dismissed Sublett's appeal for failure to prosecute. [Record No. 10]

Sublett having failed to timely pay the $400.00 in fees due for filing this action, the Court will dismiss the case for failure to prosecute. *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). And, as the Court advised Sublett at the outset of the case, it will assess the full amount of the required fees and order their collection from his inmate account. *In re Alea*, 286 F.3d 378, 381 (6th Cir. 2002) ("Filing occurs when the complaint is delivered to the district court clerk, and the obligation to pay the filing fee arises at that time. The subsequent dismissal of the action under § 1915(g) for failure to pay that fee does not negate or nullify the litigant's continuing obligation to pay the fee in full.") (citations omitted). This applies to both the district court filing fees *and* the appellate filing fees:

> As the Prison Litigation Act makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, we conclude that by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court. . . . Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed. Any subsequent dismissal of the case does not negate this financial responsibility.

*McGore*, 114 F. 3d at 605, 607 (citations omitted).

Accordingly, it is hereby

**ORDERED** as follows:

1. This action is **DISMISSED** without prejudice for failure to prosecute and failure to comply with an Order of the Court.

2.  The Clerk of the Court shall open an account in Sublett's name for receipt of the filing fees due.  The Clerk shall complete a Notice of Payment Form (Form EDKY 525) and shall send the Notice and a copy of this Order to the warden of the institution in which Sublett is confined.

3.  For each month hereafter, if the amount in Sublett's inmate account exceeds $10.00, his custodian shall deduct from Sublett's inmate account an amount equal to 20% of his income for the preceding month and remit that sum to the Clerk of the Court.  The custodian shall continue such monthly payments until the entire $905.00 in filing fees are paid.

4.  This matter is **STRICKEN** from the docket.

Dated:  February 25, 2021.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky